IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-cr-30019-SEM-TSH |
| ) | |
| DERRICK PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

On November 9, 2017, a Petition for Revocation of Defendant Derrick Phillips' supervised release was filed and a warrant was issued. Defendant filed a Motion to Suppress (d/e 49) evidence of the violation, which was obtained during a traffic stop that Defendant argues was not based on probable cause. As the Court ruled on February 12, 2018, during the revocation hearing, because the Court finds that the exclusionary rule does not apply to revocation of supervised release hearings, the motion is DENIED.

The exclusionary rule is "prudential rather than constitutionally mandated," so the Supreme Court has held it to be applicable only where its deterrence benefits outweigh its

substantial social costs.  <u>Pennsylvania Board of Probation and Parole v. Scott</u>, 524 U.S. 357, 363 (1998).  In <u>Scott</u>, the Supreme Court held that the exclusionary rule does not apply to hearings for parole revocations.  <u>Id.</u> at 369.  The Supreme Court reasoned that "application of the exclusionary rule would both hinder the functioning of state parole systems and alter the traditionally flexible, administrative nature of parole revocation proceedings.  The rule would provide only minimal deterrence benefits in this context, because application of the rule in the criminal trial already provides significant deterrence of unconstitutional searches."  <u>Id.</u> at 364.  This analysis equally applies to hearings for the revocation of supervised release.

Defendant argues that, despite the Supreme Court's holding in <u>Scott</u>, there is still room for the exclusionary rule to apply in cases where the officers are aware the defendant is on probation or supervised release.  However, this approach was directly addressed and rejected in <u>Scott</u>.  The Supreme Court reasoned that this "piecemeal approach" would "add an additional layer of collateral litigation regarding the officer's knowledge of the parolee's status."  <u>Scott</u>, 524 U.S. at 367-68.  Further, it is not necessary to apply the

exclusionary rule "in every circumstance in which it might provide marginal deterrence" and any additional deterrence would remain limited in this situation because the officer will still be deterred from violating Fourth Amendment rights by the application of the exclusionary rule to criminal trials. Id.

Defendant also cited to U.S. v. Baker, 221 F.3d 438 (3rd Cir. 2001) in his motion as support for his argument that the exclusionary rule can still be applicable in revocation proceedings after Scott. However, Baker concerned whether to exclude evidence at a parolee's criminal trial that had been obtained by parole officers through a suspicionless search. Id. at 440. The Baker court held that a Pennsylvania parolee consent form that the defendant had signed did not authorize suspicionless searches, and therefore the evidence should be suppressed in the criminal trial. Id. at 445. Baker, then, does not provide support for Defendant's position.

For the reasons stated, Defendant's motion to suppress (d/e 49) is DENIED.

ENTERED: February 14, 2018

FOR THE COURT: *s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE